United States District Court
Southern District of Texas
**ENTERED**
April 01, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | **CRIMINAL NO. 2:18-47-1** |
| | § | |
| **SARAH GARZA,** | § | |
|   Defendant. | § | |

### MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Sarah Garza's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (D.E. 67), to which the Government has responded (D.E. 69). For the reasons stated below, Defendant's motion is **DENIED**.

### I. BACKGROUND

On November 16, 2016, officers with the Redding (California) Police Department received a call that housekeeping staff had discovered a large amount of marijuana in a local hotel room rented to Defendant and another individual. A search of the room uncovered 3.72 kilograms of marijuana, various wrapping and vacuum sealing materials, two methamphetamine pipes, a scale, two drug ledgers, and $5,000.00 cash. The money was found in Defendant's purse, and the rest of the items were strewn about the room. On November 22, 2016, a canine alerted to a package during a United States Postal Inspector's investigation of incoming packages. A search of the package revealed that it contained 3.51 kilograms of marijuana. A card was placed in the mailbox of the addressee, with instructions for picking up the package at the post office. A week later, Defendant picked the package up and was placed under arrest.

1

On March 1, 2018, Defendant pled guilty to possession with intent to distribute less than 50 kilograms of marijuana. While she was awaiting sentencing, her bond was revoked after the Court found that she had used cocaine in violation of her pretrial release conditions. She was eventually sentenced to one month of imprisonment, to be followed by 36 months' supervised release. She was released from custody on June 25, 2018, and immediately began her term of supervision.

On July 30, 2019, a Petition for Warrant of Summons for Offender Under Supervision was filed, alleging that Defendant had violated the conditions of her supervised release by: (1) possessing marijuana and (2) tampering with evidence. The Court found the allegations in the petition to be true and sentenced Defendant to time served, to be followed by 32 months' supervised release.

On October 6, 2020, a second Petition for Warrant of Summons for Offender Under Supervision was filed, alleging that Defendant had violated the conditions of her supervised release by: (1) possessing marijuana, (2) possessing drug paraphernalia, and (3) possessing an open container of alcohol in a passenger area of a motor vehicle located on a public highway. Following an evidentiary hearing on November 10, 2020, the Court found the allegations in the petition to be true and sentenced Defendant to three months' imprisonment, to be followed by 24 months' supervised release. After her sentence was pronounced, Defendant asked the Court to delay her surrender date so that she could "make arrangements" and spend the holidays with her children. The Court granted Defendant's request and ordered her to surrender to the Federal Correctional Institute in Aliceville, Texas, on January 15, 2021, to serve her sentence.

Defendant filed a Motion for [90-day] Extension of Time to Self-Surrender on January 13, 2021, on the grounds that: (1) she is on supervision for a nonviolent crime; (2) she is the sole caregiver for her two children; and (3) she is also the caregiver for her mother, who has several debilitating health problems. D.E. 63. The Court granted the motion and ordered Defendant to surrender to FCI Aliceville on April 15, 2021.

Based on the same considerations set forth in her previous Motion for Extension of Time to Self-Surrender, Defendant now moves the Court to reduce her sentence to time served and add a condition of home confinement. On January 29, 2021, counsel for Defendant submitted an administrative request for compassionate release to FCI Aliceville, the Warden at FCI Aliceville, and the Bureau of Prisons in Washington, D.C. D.E. 67, pp. 5–10. To date, Defendant has not received a response.

The Government opposes a sentence reduction on the ground that: (1) Defendant's motion is premature, since she is not yet in BOP custody; (2) she has had nearly five months to make arrangements in preparation for her incarceration; (3) she has three maternal half-siblings who all reside in Corpus Christi, to whom she should consider reaching out for assistance; and (4) her criminal history shows that she is a danger to the community if released.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.—**
> The court may not modify a term of imprisonment once it has been imposed except that—

> (1) in any case—
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>> (i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

"Although not dispositive, the commentary to the United States Sentencing Guidelines ('U.S.S.G.') § 1B1.13 informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, — Fed. App'x —, 2020 WL 6437288, at *2 (5th Cir. Nov. 2, 2020)).

> **(A) Medical Condition of the Defendant.—**
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is—

> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> **(B) Age of the Defendant. –**
> The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;
>
> **(C) Family Circumstances. –**
> (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> **(D) Other Reasons. –**
> As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature

and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

 "In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

## III. ANALYSIS

The Government argues that, while courts have split regarding whether a defendant can bring a motion for a sentence reduction before entering BOP custody, analogous cases have found that the timing of such a motion is premature if brought prior to incarceration. *Cf. United States v. Austin*, 468 F. Supp. 3d 641, 643 (S.D.N.Y. 2020)

("Notably absent from [18 U.S.C. § 3582(c)] is any express requirement that a defendant be in the custody of the Bureau of Prisons at the time he petitions for compassionate release. Indeed, the relief available under the statute—a reduction in sentence, and not, specifically, release from custody—implies that the only absolute requirement is that a defendant be subject to a federal sentence."); *United States v. Konny*, 463 F. Supp. 3d 402, 404–05 (S.D.N.Y. 2020) ("[B]y its plain terms, [§ 3582(c)] applies only to those defendants who have begun serving their term of imprisonment at a BOP facility."); *United States v. Spruill*, 2020 WL 2113621, at *3 (D. Conn. May 4, 2020) ("Defendant's motion seeks re-sentencing because he moved for modification of his sentence before he reported to the Bureau of Prisons. The Court concludes that Defendant's motion is premature."). Assuming, without deciding, that Defendant's motion is not premature, the Court nonetheless finds that it is without merit.

Defendant asks that she be resentenced to home confinement because she is the sole caregiver for her two children, whose father is not involved, and is the sole person who ensures that they are fed and taken to school. She states that she is also the caregiver for her mother, who has several debilitating health problems and relies on Defendant to provide food, medicine, and transportation to medical appointments. In support of her motion, Defendant has submitted photographs of her sons (approximately 16 and 17 years of age),[1] a letter from her mother, and medical records showing that her mother had an eye exam on September 13, 2019; had coronary bypass surgery on October 23, 2019;

---

1. At the time the Presentence Investigation Report was prepared in May of 2018, the boys were 13 and 14. PSR, D.E. 16, ¶ 37.

fractured her left wrist on July 8, 2020; and fractured her right wrist on October 6, 2020. D.E. 67, pp. 13–51.

Unfortunately for Defendant, "caring for a sick and/or aging parent is not a qualifying 'family circumstance' under U.S.S.G. § 1B1.13(1)(A)." *United States v. Hudec*, No. 4:91-CR-1-1, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020) (collecting cases). "Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) (denying compassionate release to defendant to care for ill mother). Moreover, all of her mother's medical issues occurred before Defendant's revocation hearing and sentencing, and she did not request an alternative sentence on this basis. To the contrary, she informed the Court that "now [her mother] is feeling better, thank God." Minute Entry Nov. 10, 2020, ERO at 11:12 A.M. Defendant similarly did not request a modified sentence because she is the only available caregiver for her sons, but merely asked for time to "make arrangements."[2] ERO at 11:25 A.M. As the Government points out, Defendant has had almost five months to get her affairs in order, and she has three maternal siblings living in Corpus Christi to whom she should consider reaching out for assistance. On this record, the Court finds that Defendant has not shown that extraordinary and compelling circumstances warrant a sentence reduction.

The Court further finds that the 18 U.S.C. § 3553(a) factors, as considered in the specific context of the facts of this case, do not warrant a reduction in sentence. As detailed in the PSR, Defendant's criminal history included two convictions for theft of

---

2. Defendant did request a noncustodial sentence so that she could participate in the South Texas Substance Abuse Recovery Services (STSARS) Program and continue pursuing her GED. 11:22–23.

8

property and one conviction for possession of marijuana for sale. She violated her probation twice for her first offense. In the current case, she was arrested once for violating her pretrial release conditions by using cocaine and twice for violating her supervised release conditions by possessing marijuana. Her repeated violations of the law, including while being supervised by the United States Probation Office, show that she has not been deterred from continued criminal activity. Releasing Defendant to home confinement in lieu of prison would not reflect the seriousness of the supervised release violations, promote respect for the law, or provide just punishment for the violations, nor would it deter criminal conduct or protect the public from further crimes.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (D.E. 67) is **DENIED**.

ORDERED _____4/1/2021_____.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

9